**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:20-cr-00072-DCN-1 |
| vs. ) | |
| ) | **ORDER** |
| EDMUND DECHANE HOLMES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on defendant Edmund Dechane Holmes' ("Holmes") motion for severance of counts, ECF No. 61. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On January 28, 2020, a federal grand jury returned a two-count indictment charging Holmes with two violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count 1 of the indictment charges that Holmes, along with a co-defendant—his girlfriend—as principals, aiders and abettors, and co-participants in a jointly undertaken criminal activity, knowingly, intentionally, and unlawfully possessed with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Count 2 charges Holmes with knowingly, intentionally, and unlawfully attempting to possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On April 24, 2021, a federal grand jury returned a superseding indictment against Holmes. The superseding indictment removed the co-defendant from Count 1 because she pled guilty

1

to that count, and it added a sentencing enhancement under 21 U.S.C. § 851 based on Holmes' prior federal conviction for conspiracy to possess with intent to distribute 100 grams or more of heroin. See United States v. Holmes, No. 2:13-cr-00031-DCN (D.S.C. Jan. 8, 2013). The superseding indictment resulted in no substantive changes to Counts 1 or 2 as to Holmes.

On April 3, 2020, Holmes filed a motion for severance of counts. ECF No. 61. On September 23, 2021, the government responded in opposition. ECF No. 87. Holmes did not file a reply. The motion is now ripe for the court's review.

## II.  STANDARD

Federal Rule of Criminal Procedure 8(a) governs joinder of offenses. The rule states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are [1] of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Fourth Circuit has interpreted "the latter two prongs of this rule flexibly, requiring that the joined offenses have a 'logical relationship' to one another." United States v. Cardwell, 433 F.3d 378, 383 (4th Cir. 2005) (quoting United States v. Hirchfeld, 964 F.2d 318, 323 (4th Cir. 1992)).

"[C]ourts have a strong interest in favor of joinder of offenses; in particular, joinder of offenses reduces the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials." Cardwell, 433 F.3d at 383 (quoting United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000)). This interest, however, is counterbalanced by the

2

defendant's right to a fair trial, and "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." Bruton v. United States, 391 U.S. 123, 131 n.6 (1968). Accordingly, Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . , the court may order separate trials of counts." This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required. The Fourth Circuit has found that "[s]uch cases, however, will be rare." Cardwell, 433 F.3d at 387. Indeed, "[i]t is not enough for the defendant to show that severance offers him a better chance of acquittal." Id. (internal quotation marks and citations omitted). Rather, as the Supreme Court has stated, "when defendants properly have been joined under [Rule 8], a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (emphasis in original). "A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984). Because there is a preference for joinder, any party seeking severance has "an uphill battle." United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008). "A ruling on a motion to sever is 'committed to the discretion of the district court.'" United States v. Taylor, 218 F. App'x 249, 250 (4th Cir. 2007) (quoting United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976)).

### III. DISCUSSION

Holmes requests that the court sever Count 1 from Count 2 for trial. To support his motion, Holmes argues that joinder of the two counts is both inappropriate under Rule 8(a) and, alternatively, that joinder will be prejudicial to him at trial under Rule 14(a). The court finds that neither argument justifies severance in this case.

Joinder is proper if even one of the three conditions outlined in Rule 8(a) is satisfied, and, in this case, the court finds at least two of those conditions satisfied. Counts 1 and 2 are certainly "of the same or similar character" to satisfy the first prong; that is, both counts involve the possession of kilogram-quantities of heroin with the intent to distribute. Indeed, both counts charge Holmes with violations of the same statute. See United States v. Ketter, 456 F. App'x 293, 295 (4th Cir. 2011) ("Joinder of multiple charges involving the same statute is 'unremarkable.'"); United States v. Newell, 2021 WL 326144, at *1 (W.D.N.C. Feb. 1, 2021) (finding joinder of three counts of possessing methamphetamine with the intent to distribute it on three separate occasions—on August 23, 2018, July 24, 2019, and October 6, 2020—of a similar character). Joinder is also proper under the third prong of Rule 8(a) because the events underlying the counts were part of a common scheme or plan. Again, to satisfy this prong, the Fourth Circuit merely requires that the charged offenses have a "logical relationship" to one another. Cardwell, 433 F.3d at 385. Counts 1 and 2 share such a logical relationship. Both the August 21, 2018 events underlying Count 1 and the April 19, 2019 events underlying Count 2 can certainly be considered part the same alleged common scheme or plan by Holmes to distribute heroin. Therefore, the court finds that Counts 1 and 2 are properly joined under Rule 8(a).

Holmes argues that even if the joinder requirements of Rule 8(a) are satisfied, the court should nevertheless sever the counts because joinder is prejudicial to him under Rule 14(a). As noted above, even when properly joined, the court can sever counts under Rule 14(a) upon a defendant's strong showing of prejudice. See Goldman, 750 F.2d at 1225. However, "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012) (citing Cardwell, 433 F.3d at 385). Holmes falls far short of the requisite showing of prejudice contemplated by Rule 14(a).

Holmes argues that because the events underlying the two counts occurred eight months apart and in different locations, joinder of the counts creates the possibility that he will be convicted based on considerations beyond the facts presented by either charged offense. This bare assertion of prejudice fails to convince the court that "a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Notably, the Fourth Circuit has found that a two-year time difference between counts that involved different law enforcement agencies, different witnesses, and different statutory violations was not sufficient to warrant severance. United States v. Young, 751 F. App'x 381, 385 (4th Cir. 2018). The risk of prejudice in this case is even less compelling than the risk confronted by the court in Young. The events underlying Counts 1 and 2 are separated by only eight months. The government represents that the same United States Drug Enforcement Administration case agent will testify as to Holmes' involvement in the events underlying both counts and that a jailhouse informant may also testify regarding both events. The government also represents that it intends to introduce Holmes' prior federal conviction

5

for conspiracy to possess with intent to distribute 100 grams or more of heroin pursuant to Federal Rule of Evidence 404(b).  In balancing any possible prejudice to Holmes against the interests of the efficient administration of justice, the court finds that the scale tips in favor of trying both counts together.  "[T]he prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding."  Mir, 525 at 357.  Moreover, "[t]he fact that joinder may make for a more difficult defense or that a separate trial might increase the defendant's chance of acquittal are not sufficient grounds for severance." Taylor, 218 F. App'x at 249.  Importantly, "[t]he possibility for prejudice from a joint trial is . . . greatly diminished where, as in this case, the evidence of the joined crimes 'would be mutually admissible for legitimate purposes in separate trials for each offense.'"  United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988) (quoting United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977)).  Evidence of each of the alleged drug offenses in this case would be admissible at trial for the other offense under Rule 404(b) to show knowledge, intent, or absence of mistake or accident.  Holmes' prior conviction involving heroin will also very likely be admissible under Rule 404(b) to prove both Counts 1 and 2, whether they are tried together or separately, which further minimizes the potential prejudice of joinder.  Even if evidence of Holmes' prior conviction or evidence of Counts 1 or 2 were not mutually admissible under Rule 404(b) in separate trials for each count, Holmes' argument still falls short of a "strong showing of prejudice," Goldman, 750 F.2d at 1225, and any possible prejudice caused by trying such counts jointly could be cured by a limiting instruction, see Taylor, 218 F. App'x at 249.  The court is mindful that "joinder is a rule rather than an exception" and that the

burden falls on the defendant to demonstrate that the joinder is manifestly prejudicial so as to outweigh the concern for judicial economy.  <u>United States v. Acker</u>, 52 F.3d 509, 513–14 (4th Cir. 1995).  Based on the parties' briefings and in its discretion, the court finds that Holmes falls short of this standard.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 9, 2021**

**Charleston, South Carolina**